RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0073P (6th Cir.)
File Name: 04a0073p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

—————————

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 02-1591

CERTAIN LAND SITUATED IN
THE CITY OF DETROIT,
WAYNE COUNTY, MICHIGAN;
0.74 ACRE OF LAND, MORE
OR LESS, SITUATED IN THE
CITY OF DETROIT, WAYNE
COUNTY MICHIGAN, et al.,
*Defendants,*

DETROIT INTERNATIONAL
BRIDGE CO.,
*Proposed Intervenor-Appellant,*

COMMODITIES EXPORT
COMPANY; WALTER H.
LUBIENSKI,
*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Michigan at Detroit.
Nos. 79-73934; 96-75494; 96-75495; 01-70391—Gerald E.
Rosen, District Judge.

Argued: October 29, 2003

Decided and Filed: March 9, 2004

Before: NORRIS, BATCHELDER, and COLE, Circuit
Judges.

—————————

**COUNSEL**

**ARGUED:** Craig L. John, DYKEMA GOSSETT,
Bloomfield Hills, Michigan, for Appellant. Stephanie Tai,
UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., Walter H. Lubienski, Dearborn, Michigan,
for Appellees. **ON BRIEF:** Mark H. Sutton, DYKEMA
GOSSETT, Bloomfield Hills, Michigan, for Appellant.
Stephanie Tai, Lisa E. Jones, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., Walter H.
Lubienski, Dearborn, Michigan, for Appellees.

NORRIS, J. delivered the opinion of the court, in which
BATCHELDER, J., joined. COLE, J. (pp. 8-13), delivered a
separate concurring opinion.

—————————

**OPINION**

—————————

ALAN E. NORRIS, Circuit Judge. Proposed intervenor
Detroit International Bridge Co. ("DIBCO") appeals from the
denial of its motion to intervene of right. It sought to
intervene as a defendant in a condemnation action in which

the condemned land was owned by a third party. The district court denied DIBCO's motion for failure to meet the requirements of intervention of right under Fed. R. Civ. P. 24(a). We conclude that intervention was improper because the district court lacked jurisdiction to hear DIBCO's underlying claim.

In 1979, the United States determined to expand a Detroit customs facility and commenced a condemnation action against DIBCO's land. DIBCO challenged the condemnation. In 1991, the United States and DIBCO agreed to settle the condemnation proceeding. They agreed to a memorandum of agreement ("MOA") under which the United States agreed to enlarge the scope of its expansion and condemn third party property, including the totality of a lot owned by Commodities Export Co. and Walter H. Lubienski ("Commodities"). DIBCO agreed to compensate the United States for the costs of condemnation. DIBCO claims that the MOA gave it the right to be consulted regarding the costs of condemnation, and that it only required DIBCO to pay condemnation costs that were reasonable in light of federal regulations.

In 1996, the United States brought a condemnation action against Commodities. DIBCO's counsel was in attendance at conferences in that action at which the United States indicated that it would not seek to condemn the entirety of Commodities' land. DIBCO regarded the failure to condemn all of Commodities' land as a breach of the MOA, but it did not seek to intervene in this condemnation proceeding. Instead, DIBCO sought to reopen the 1979 condemnation action on the grounds that the MOA had been breached. The 1979 action went to trial, and on February 21, 2002, a jury awarded DIBCO nearly $4.1 million in compensation for its land.

In the meantime, the United States changed its position regarding Commodities' land and in 2001 commenced a new condemnation proceeding against the entirety of

Commodities' property. DIBCO again failed to intervene. DIBCO contends that it had no reason to intervene until November of 2001, when it learned that the United States and Commodities had entered a settlement under which the United States would compensate Commodities in the amount of $14.9 million, far in excess of the $366,000 at which its land had been appraised, and after the United States indicated that it may seek to enforce the MOA against DIBCO. On December 28, 2001, DIBCO brought this motion to intervene in this condemnation proceeding, seeking declaratory and injunctive relief from enforcement of the MOA, and seeking to challenge the grant of a motion to vacate an opinion that allowed Commodities' valuation testimony.

The district court denied DIBCO's motion to intervene of right for failure to meet the requirements of Fed. R. Civ. P. 24(a). DIBCO appeals that finding. We affirm the district court's denial because the district court lacked jurisdiction to hear DIBCO's underlying claim.

This court is under an "independent obligation to police its own jurisdiction," regardless of whether the parties challenged jurisdiction. *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001). We lack appellate jurisdiction where the district court lacked subject matter jurisdiction. We review the district court's exercise of subject matter jurisdiction *de novo*. *Care Choices HMO v. Engstrom*, 330 F.3d 786, 788 (6th Cir. 2003).

The district court could not permit intervention under Rule 24(a) because it lacked subject matter jurisdiction over DIBCO's underlying claim. DIBCO sought declaratory and injunctive relief against the United States, and the United States had not waived its sovereign immunity to such a claim. No statute waives the United States' sovereign immunity from contract claims for declaratory or injunctive relief in district court. DIBCO argues that the district court had subject matter jurisdiction to hear its claim under 28 U.S.C. § 1367. That statute provides in part as follows:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). This provision does not constitute a waiver of sovereign immunity. "A waiver of sovereign immunity must be unequivocally expressed in the statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of scope, in favor of the sovereign." *Id.* (citing *United States v. Williams*, 514 U.S. 527, 531 (1995)). The statute that DIBCO cites does not "unequivocally express" an intent to waive sovereign immunity, and therefore cannot constitute a grant of subject matter jurisdiction over DIBCO's claim.

The district court also lacked subject matter jurisdiction over DIBCO's underlying claim because it was presented as grounds for a motion to intervene in a condemnation proceeding. Because DIBCO seeks to intervene to assert a claim against the United States, it seeks to intervene as a defendant in the condemnation proceeding. Federal Rule of Civil Procedure 71A(e) describes the types of defense pleadings permitted in a condemnation proceeding:

**Appearance or Answer**. If a defendant has no objection or defense to the taking of the defendant's property, the defendant may serve a notice of appearance designating the property in which the defendant claims to be interested. Thereafter, the defendant shall receive notice of all proceedings affecting it. If a defendant has any

objection or defense to the taking of the property, the defendant shall serve an answer within 20 days after the service of notice upon the defendant. The answer shall identify the property in which the defendant claims to have an interest, state the nature and extent of the interest claimed, and state all the defendant's objections and defenses to the taking of the property. A defendant waives all the defenses and objections not so presented, but at the trial of the issue of just compensation, whether or not the defendant has previously appeared or answered, the defendant may present evidence as to the amount of the compensation to be paid for the property, and the defendant may share in the distribution of the award. No other pleading or motion asserting any additional defense or objection shall be allowed.

The Rule evidences that district courts only have jurisdiction to hear defenses and objections from defendants in condemnation cases. A district court lacks jurisdiction to hear counterclaims against the United States in condemnation cases. *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 380 (4th Cir. 1995).

In addition, case law indicates that even a party that holds a property interest in the taken land could not present a contract claim in a condemnation proceeding against its own property. *Id.* at 380. Therefore, DIBCO, which lacks any property interest in Commodities' land, is also barred from asserting a contract claim in a condemnation proceeding, and the district court had no subject matter jurisdiction to hear DIBCO's claim.

Even if DIBCO asserts that it seeks to intervene solely to challenge the reasonableness of the settlement amount, a basis for intervention which could be classified as a defense or objection, it would still not fall within the class of pleadings that a district court has jurisdiction to hear in a condemnation proceeding. Rule 71A(e) requires that the defendant "identify the property in which the defendant claims to have an

interest[.]" Fed. R. Civ. P. 71A(e). The Rule thus evidences that a district court only has jurisdiction to entertain defenses and objections from parties who could assert property interests in the condemned land. DIBCO holds no property interest in Commodities' land, and the district court lacked subject matter jurisdiction to hear its purported defense or objection.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

————————————

## CONCURRENCE

————————————

R. GUY COLE, JR., Circuit Judge, concurring. I concur only in the judgment of the majority's opinion affirming the district court's denial of DIBCO's motion to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2). I would affirm the denial of DIBCO's motion to intervene on the ground that the district court did not abuse its discretion in finding that DIBCO's motion pursuant to Fed. R. Civ. P. 24(a)(2) was untimely.

The majority opinion fails to reach the Rule 24(a)(2) factors and instead concludes that DIBCO's motion to intervene as of right was properly denied because the district court lacked jurisdiction to hear DIBCO's "underlying claim." The majority opinion, however, fails to take into account the fact that DIBCO asserted *two* grounds for intervention, the first concerning (and seeking a declaratory judgment concerning) its duty to reimburse the Government for the settlement of the Commodities condemnation pursuant to the MOA, and the second concerning the reasonableness of the settlement amount agreed to between the Government and the Commodities defendants. In other words, because DIBCO faces being the *de facto* remunerator for the properties, it sought to intervene in order for the district court to adjudge (1) whether or not it was liable as such a remunerator pursuant to the MOA and (2) whether the $14.9 million settlement agreed upon between the Government and the defendants was reasonable.

In grounding its decision concerning a motion to intervene as of right in questions of independent jurisdiction, the majority turns a blind eye to the longstanding principle that intervention as of right pursuant to Rule 24(a)(2) requires no independent ground of jurisdiction to support the applicant's claim. 32A AM. JUR. 2d Federal Courts § 700 (2003); James

Wm. Moore et al., 6 MOORE'S FEDERAL PRACTICE § 24.22 (3rd ed. 1998); Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1917 (2nd ed. 1986); *see also International Paper Co. v. Inhabitants of Town Jay*, *Me.*, 887 F.2d 338, 346 (1st Cir. 1989) (parties entitled to intervention as of right fall within a federal court's ancillary jurisdiction; no independent basis of jurisdiction is necessary); *Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781 (8th Cir. 1985) (same). Only where intervention is permissive, pursuant to Rule 24(b), must independent jurisdictional grounds be shown. MOORE'S FEDERAL PRACTICE § 24.22 (3rd ed. 1998). But intervenors as of right – the category in which DIBCO claims to belong – need not show independent jurisdictional grounds because the court has supplemental jurisdiction over their claims. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376 n. 18 (1978). It is unclear why the majority forgoes an analysis under Rule 24(a)(2). Moreover, our circuit has never dismissed a case pursuant to Rule 24(a)(2) for lack of an independent basis for jurisdiction – indeed, it seems that no federal court of appeals has ever done so.

Jurisdiction to hear claims by intervenors of right depends only upon the court's jurisdiction to hear the primary, underlying action and the terms of supplemental jurisdiction set forth in 28 U.S.C. § 1367. DIBCO easily satisfies that standard here: as the potential remunerator for the property at issue, its claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. There is no dispute that the district court had jurisdiction to hear the action between the United States and the Commodities defendants. Accordingly, the "inquiry into the substantiality of the claimed interest" by DIBCO "is necessarily fact specific" and tied only to the factors enumerated in Rule 24(a)(2), that is, the extent of DIBCO's interest in the subject of the action and the extent to which not intervening may impair or impede DIBCO's ability to protect that interest. *Id.*

Not only does the majority opinion erroneously conclude that DIBCO was required to demonstrate an independent basis for jurisdiction in order to intervene pursuant to Rule 24(a)(2), but it also grounds that conclusion in a theory of sovereign immunity that runs contrary to legal authority. The majority concludes that "[n]o statute waives the United States' sovereign immunity from contract claims for declaratory or injunctive relief in district court." Yet as a general proposition, irrespective of a statutory provision waiving sovereign immunity, the "government consents to be sued . . . by those with whom it has privity of contract." *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999) (quoting *Erickson Air Crane Co. of Wash. v. U.S. Dep't of the Air Force*, 731 F.2d 810, 813 (Fed. Cir. 1984). DIBCO was in privity of contract with the Government by virtue of the MOA and, as such, our circuit recognizes that a district court would have jurisdiction over such an action for equitable or injunctive relief. *See Veda, Inc. v. United States*, 111 F.3d 37 (6th Cir. 1997). At the very least, the privity-of-contract question follows, rather than precedes, the Rule 24(a)(2) determination.

Even if the Government had not waived its sovereign immunity, DIBCO would still be permitted to intervene because DIBCO's attempt to have its voice heard with respect to the settlement amount is not a counterclaim at all. The district court would have jurisdiction to entertain DIBCO's concerns relating to the reasonableness of the settlement amount in the same way that it would have jurisdiction to entertain objections by the Commodities defendants concerning the reasonableness of the settlement amount.

The majority opinion also errs in its Rule 71(A) analysis. The majority concludes that DIBCO has failed to assert an "objection" to the amount of the settlement. However, DIBCO's objection to the settlement amount and its attempt to have a voice in the settlement's ultimate value is the explicit basis for its motion to intervene. Furthermore, the majority opinion's conclusion that district courts lack

jurisdiction to determine anything other than the condemnor and condemnee's interests in a condemnation action has no support in the law of our circuit or in the plain language of Rule 71(A)(e). To the contrary, it is recognized that Rule 71A(e)is not exhaustive of all parties who might become defendants in a condemnation proceeding: "Since there is no provision in Rule 71A for intervention, Rule 24's standard governs." 13 MOORE'S FEDERAL PRACTICE § 71A.04[2][b] (3rd ed. 1998). Moreover, Rule 71(A)(e) is not a jurisdictional bar to the district court's consideration of the intervention motion and the majority opinion fails to present any binding authority or legal reasoning otherwise. Although case law may support the proposition that only condemnees may be *compensated* pursuant to a condemnation action, there is no legal authority barring a party's intervention as a defendant where, as is the case here, a proposed defendant-intervenor has a legitimate basis for objecting to the settlement amount.

Indeed, the only authority the majority cites for its proposition that only condemnors or condemnees may intervene as defendants in condemnation proceedings is *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 380 (4th Cir. 1995). Not only is *Banisadr* not binding upon this Court, but the Fourth Circuit itself conceded (in the very passage referred to by the majority) that the case law on which it relied was "sparse" and only "suggest[ed]" that a contract claim could not be asserted in a motion to intervene in a condemnation proceeding. *Id.* Indeed, the case law upon which the Fourth Circuit itself relied was a lone district court opinion from 1977. Finally, it is worthwhile to note that no subsequent Fourth Circuit panel, district court, or other federal court of appeals has ever cited *Banisadr* for the proposition for which the majority now invokes it as decisive legal support for its novel conclusions.

Here, the Government and the Commodities defendants intend to settle for $14.9 million – an amount for which the Government may seek to hold DIBCO liable. Even though

DIBCO seeks no compensation, it could appropriately intervene as a defendant to challenge the settlement amount for which it might be responsible, so long as it satisfies the requirements for intervention set forth in Rule 24(a)(2). A case such as this one, however rare it may be, is paradigmatic of an appropriate instance in which to permit a party to intervene as a defendant in a condemnation proceeding where that party is not a condemnee.

Having determined that independent jurisdiction is immaterial to our consideration of DIBCO's motion to intervene as of right, I turn now to the relevant analysis pursuant to Fed. R. Civ. P. 24(a)(2). In order to intervene as of right pursuant to Rule 24(a)(2), DIBCO had to establish: (1) the timeliness of its application to intervene; (2) a substantial legal interest in the Commodities/Lubienski condemnation cases; (3) impairment of its ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citations omitted). The condemnation actions at issue were filed in 1996; DIBCO did not move to intervene until 2001. The district court found that DIBCO's motion to intervene was untimely and denied its motion to intervene as of right on that basis. The district court's timeliness decision is reviewed for an abuse of discretion. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

The timeliness prong of Rule 24(a)(2) requires the movant to file its motion to intervene promptly after discovery of its interest in the litigation. *United States v. Tennessee*, 260 F.3d 587, 594 (6th Cir. 2001). DIBCO contends that its responsibility to timely intervene arose on November 15, 2001, when it learned the amount of the Commodities defendants' recent settlement with the Government – that is, when DIBCO learned the amount of its potential liability pursuant to the MOA. The district court, however, properly concluded that DIBCO should have moved to intervene within a reasonable period after December 12, 1996, which is

when DIBCO received notice that the first two condemnation suits had been filed. In short, 1996 was when DIBCO learned of the *fact* of its potential liability under the MOA. It should have intervened then, and not waited until it learned the *amount* of that potential liability in 2001. *See Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 584 & n.3 (6th Cir. 1982) (applicants for intervention "should have attempted to intervene when they first became aware of the action, rather than adopting a 'wait-and-see' approach.").

Accordingly, the district court did not abuse its discretion in finding DIBCO's motion to intervene untimely. Although I would find that DIBCO – as the potential remunerator for the hefty $14.9 settlement reached between the Government and the Commodities defendants – easily satisfies the remaining requirements for intervention, the untimeliness of its motion is fatal. I would therefore affirm the district court's denial of DIBCO's motion to intervene on that basis alone.