NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0463n.06

Case No. 23-3191

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | **FILED** |
| | ) | Nov 06, 2023 |
| LAWRENCE MILLER, as Administrator of | ) | KELLY L. STEPHENS, Clerk |
| Estate of Lawrence Miller, II, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| EMMA COLLINS, Warden, et al., | ) | |
| Defendants-Appellees. | ) | O P I N I O N |
| | ) | |

Before: GIBBONS, BUSH, and DAVIS, Circuit Judges.

STEPHANIE D. DAVIS, Circuit Judge. Lawrence Miller ("Mr. Miller"), as administrator of the estate of his son, Lawrence Miller, II ("Miller"), brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Warden Emma Collins of the Pickaway Correctional Institution, unknown medical and nursing personnel, Annette Chambers-Smith in her role as Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), and unknown John and Jane Does failed to provide COVID-19 preventative measures to protect Miller from serious illness, which ultimately led to his death. The district court dismissed the lawsuit after finding that Mr. Miller failed to state a claim for relief against any defendant and declined to exercise supplemental jurisdiction over his remaining state law claims. Mr. Miller now appeals the dismissal of his claims.

Although we agree with the district court's disposition, we conclude that Mr. Miller lacked standing to bring a § 1983 claim on behalf of his son's then-pending estate, thus depriving the district court—and consequently this court—of subject-matter jurisdiction to decide the case on the merits. We further conclude that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction. Accordingly, we AFFIRM IN PART, REVERSE IN PART and REMAND for further proceedings in accordance with this opinion.

I.

On February 21, 2020, Miller was admitted to ODRC to serve a one-and-a-half-year sentence. He was immediately placed in the infirmary unit at the Pickaway Correctional Institution in Orient, Ohio ("Pickaway"), due to preexisting medical conditions, including chronic kidney disease (stage III) and hypertension. Miller had been receiving dialysis treatments for about two years before entering Pickaway. Not long after his arrival at Pickaway, Miller tested positive for COVID-19 and later developed complications from the virus. He was then transferred to the Ohio State University Hospital to receive medical treatment. Unfortunately, on May 3, 2020, Miller died from acute hypoxemic respiratory failure due to complications of COVID-19.

Mr. Miller brought this action on behalf of his son's estate roughly two years later. In the operative complaint, Mr. Miller asserted that Defendants violated Miller's constitutional rights under the Eighth and Fourteenth Amendments and sought relief pursuant to 42 U.S.C. § 1983. He also included state law claims for wrongful death, negligence, and a survivorship action. Defendants responded jointly with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). The district court granted the motion under Fed. R. Civ. P. 12(b)(6), concluding that Mr. Miller failed to state a § 1983 claim against any defendant because he "is not permitted to bring his § 1983 claim against Defendants in their official capacities" and he "did not

allege specific facts about specific defendants" sufficient to state a claim in their individual capacities. (R. 31, PageID 126, 130). It also declined to exercise supplemental jurisdiction over the remaining state law claims.

II.

We review de novo a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *Willman v. Att'y Gen. of the U.S.*, 972 F.3d 819, 822 (6th Cir. 2020). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We may "affirm a decision of the district court on any grounds supported by the record, even if different from those relied on by the district court." *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 886 (6th Cir. 2020) (quoting *Brown v. Tidwell*, 169 F.3d 330, 332 (6th Cir. 1999)).

III.

On appeal, Mr. Miller maintains that the district court erred in dismissing his § 1983 claim under Rule 12(b)(6) and that the court abused its discretion in declining to exercise supplemental jurisdiction over the state law claims. Defendants maintain that the dismissal was a proper exercise of the district court's discretion. Notably, in their motion to dismiss, Defendants also argued that the district court lacked jurisdiction to hear Mr. Miller's claims. Specifically, Defendants alleged that "Plaintiff does not have standing to bring a claim under 42 U.S.C. § 1983 as Lawrence Miller has not been certified as the personal representative of [] Lawrence Miller II's [Estate] and thus this Court lacks personal jurisdiction over the Plaintiff." (R. 17, PageID 56). Instead of addressing the jurisdictional challenge in its opinion, the district court solely addressed the merits of the case. However, federal courts must decide jurisdictional questions before considering issues related to

the merits of a case. *See In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016). Although Defendants' jurisdictional challenge was not raised on appeal, "we always have 'jurisdiction on appeal . . . for the purpose of correcting the error of the lower court in entertaining the suit' in the first place[,]" specifically when there exists a pertinent question on whether a litigant has standing to bring the lawsuit. *Id.* at 587 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)). And we may do so sua sponte. *See Cmty. First Bank v. Nat'l Credit Union*, 41 F.3d 1050, 1053 (6th Cir. 1995).

*Subject-Matter Jurisdiction*. As an initial matter, while Defendants attacked Mr. Miller's standing to bring his lawsuit under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, such challenges to standing are properly brought under Fed. R. Civ. P. 12(b)(1) for a lack of subject-matter jurisdiction. *See Tenn. Gen. Assembly v. U.S. Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019) (Article III "[s]tanding is a jurisdictional requirement," and "[i]f no plaintiff has standing, then the court lacks subject-matter jurisdiction."). Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Thus, a determination of subject-matter jurisdiction is "always a threshold determination." *Am. Telecom Co. v. Republic of Leb.*, 501 F.3d 534, 537 (6th Cir. 2007). And the party invoking federal jurisdiction has the burden to prove that jurisdiction. *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

Motions to dismiss for lack of subject-matter jurisdiction come in two forms: facial and factual attacks. *See Gentek Bldg. Prods., Inc. v. Sherman-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack on standing challenges whether the complaint adequately pleads standing even accepting its facts as true. *See Ass'n of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 543 (6th Cir. 2021) (citation omitted). A factual attack on standing challenges whether

the facts in the record, including outside pleadings, support the existence of standing. *See Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Defendants' motion to dismiss made a facial challenge to Mr. Miller's standing as it was based on the court's acceptance of the facts as set forth in the amended complaint, where he alleged that he was "seeking to be the representative" of his son's estate but had yet to attain that status. (R. 9, Page.ID 31, ¶ 4). We conclude that Mr. Miller did not have the requisite standing to bring this action, and as such, the district court's dismissal was appropriate because it lacked subject-matter jurisdiction over the claims—not because he failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

## A. Article III Standing

Article III of the United States Constitution provides that federal courts may only exercise jurisdiction where an actual case or controversy exists. U.S. Const. art. III, § 2. The "case or controversy" requirement has been illuminated through a series of "justiciability doctrines," including, "perhaps the most important," that a litigant must have "standing" to invoke the jurisdiction of the federal courts. *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). To demonstrate standing to bring a lawsuit in federal court, a plaintiff must show the following:

> (1) [the plaintiff] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

As Plaintiff, Mr. Miller thus carries the burden to prove that he has the requisite standing to bring this action on behalf of his son's estate. A claim brought pursuant to 42. U.S.C. § 1983 is

personal to the direct victim of an alleged constitutional tort. *See Chambers v. Sanders*, 63 F.4th 1092, 1100 (6th Cir. 2023) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)). As a result, "only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim[.]" *Id*. "[C]onversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Id.* Such claims of injury must be raised in a state tort law cause of action. *See Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010).

As the Supreme Court has explained, "one specific area not covered by federal law is that relating to 'the survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant.'" *Robertson v. Wegmann*, 436 U.S. 584, 589–90 (1978) (quoting *Moor v. Alameda Cnty.*, 411 U.S. 693, 702 n.14 (1973)). And as such, the law of the forum is "the principal reference point in determining survival of civil rights actions, subject to the important proviso that state law may not be applied when it is 'inconsistent with the Constitution and laws of the United States.'" *Id.* (quoting 42 U.S.C. § 1988(a)). The forum here is Ohio. Under Ohio law, "a cause of action for personal injury survives the death of the injured party, and may be brought by the decedent's personal representative on behalf of the decedent's estate to recover such damages as the deceased might have recovered had he lived." *Tinch v. City of Dayton*, 77 F.3d 483 (6th Cir. 1996) (unpublished table decision) (citing Ohio Rev. Code Ann. § 2305.21 (West 2023)). Mr. Miller's § 1983 wrongful death claim on behalf of his son is properly classified as a tort claim for personal injury, which is preserved by Ohio's survival of actions statute. *See Jaco v. Bloechle*, 739 F.2d 239, 242–43 (6th Cir. 1984).

Again, in the amended complaint, Mr. Miller alleged that he was "seeking to be the representative" of Miller's estate and that he would "ratify this Complaint when he [was] authorized to do so." (R. 9, PageID 31, ¶ 4). Thus, as evidenced by his own allegations, Mr. Miller became the administrator of the estate after litigation commenced—not before.[1] Yet to satisfy the standing requirement, Mr. Miller must have been the administrator when the complaint was originally filed on April 12, 2022. *See Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012) ("Standing is determined at the time the complaint is filed."). A pending application to be named administrator does not suffice for purposes of Article III standing. And he did not seek to file an amended complaint after he attained the status of administrator.[2] Because Mr. Miller's application was still pending in the Ohio probate court at the time the complaint was filed, he lacked standing to bring this § 1983 action. As such, the district court did not have subject-matter jurisdiction to hear Mr. Miller's claims on the merits and we likewise lack jurisdiction to adjudicate the merits of this appeal. *See United States v. Certain Land Situated in Detroit*, 361 F.3d 305, 307 (6th Cir. 2004).

*Supplemental Jurisdiction*. Next, Mr. Miller maintains that the district court abused its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. We review a district court's decision declining to exercise supplemental jurisdiction to hear a plaintiff's state law claims under the abuse-of-discretion standard. *See Gamel v. City of Cincinnati*,

---

[1] In response to the jurisdictional challenge, Mr. Miller attached an order from the Probate Court of Summit County, Ohio, dated August 1, 2022, which named him as administrator of his son's estate. We do not opine on the sufficiency of Mr. Miller's evidence proffered to but not ruled upon by the district court, as supplemental jurisdiction remains a "doctrine of discretion, not a plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). It is nevertheless notable that the probate court's order appears to have been entered months *after* the amended complaint was filed.

[2] In making this observation, we do not opine on Defendants' argument below that the statute of limitations expired during the pendency of Mr. Miller's application to become administrator or on what, if any, application the "relation-back" doctrine might have on a newly filed amended complaint.

625 F.3d 949, 951 (6th Cir. 2010) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009)). "An abuse of discretion exists only when the court has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." *Gaeth v. Hartford Life Ins., Co.*, 538 F.3d 524, 528–29 (6th Cir. 2008) (citation and alterations omitted).

A district court has discretion as to whether to exercise supplemental jurisdiction after dismissing the claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction."). When deciding whether to exercise supplemental jurisdiction, courts consider and weigh "the values of judicial economy, convenience, fairness, and comity." *Gamel*, 625 F.3d at 951–52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Mr. Miller argues that the district court abused its discretion when it "failed to elaborate on or consider all factors set forth in [*Carnegie-Mellon*]." (Dkt. 8, Page 11). However, this argument is unavailing for two reasons. First, as discussed above, the district court lacked subject-matter jurisdiction to hear any of Mr. Miller's claims. Moreover, once all federal claims are dismissed prior to trial, we have explained that "the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). When the district court decided to decline supplemental jurisdiction of Mr. Miller's remaining state law claims, it explicitly found that exercising jurisdiction "would not serve judicial economy, convenience, or comity." (R. 31, PageID 130). The district court considered the *Carnegie-Mellon* factors in its decision to decline supplemental jurisdiction and was not required to provide an in-depth analysis

of its reasoning. Again, declining to exercise supplemental jurisdiction after dismissing a federal claim of original jurisdiction is purely discretionary. *See* 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction remains a "doctrine of discretion, not a plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, we find no abuse of discretion here.

Dismissal was proper in this case because Mr. Miller did not possess standing to bring this lawsuit, and as such, the district court did not have subject-matter jurisdiction over the § 1983 claims. Though the district court dismissed the lawsuit without specifying whether its dismissal was with or without prejudice, dismissals pursuant to Rule 12(b)(6) are "judgment[s] on the merits" and are therefore presumed to be with prejudice. *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (internal citation omitted). Because this case must instead be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction over the § 1983 claims, the dismissal must be without prejudice, and we will remand for that purpose. *See Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("A dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court."). Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims, which we have held must also be dismissed without prejudice "to allow the state courts to decide state issues." *Borke v. Warren*, No. 22-1270, 2023 WL 6367754, at *3 (6th Cir. Aug. 2, 2023) (quoting *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *cert. denied*, 143 S. Ct. 88 (2022)).

IV.

For the reasons set forth above, we AFFIRM IN PART, REVERSE IN PART and REMAND to the district court for entry of a new judgment in accordance with this opinion.