Gloria Darlin Reagon PRICE,
Plaintiff–Appellant,

v.

Robert L. ECHOLS, Chief Judge of the United States District Court for the Middle District of Tennessee; Roger Milam, Clerk of Court, U.S. District Court for the Middle District of Tennessee; Mike Noles, Jury Administrator for the United States District Court for the Middle District of Tennessee; John T. Nixon, Senior U.S. District Judge for the United States District Court for the Middle District of Tennessee; Trent Lott, Majority Leader for the U.S. Senate; Richard Armey, Majority Leader of the U.S. House of Representatives, Defendants–Appellees.

No. 01–5203.

United States Court of Appeals,
Sixth Circuit.

Aug. 15, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

*ORDER*

This is an appeal from an order dismissing without prejudice a civil rights complaint, filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for failure to effect timely service of process. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 27, 2000, Gloria Darlin Reagon Price filed a fee-paid civil rights complaint against Robert L. Echols, Chief Judge of the United States District Court for the Middle District of Tennessee; Roger Milam, Clerk of the Court, United States District Court for the Middle District of

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Tennessee; Mike Noles, Jury Administrator for the United States District Court for the Middle District of Tennessee; John T. Nixon, Senior United States District Judge for the United States District Court for the Middle District of Tennessee; Trent Lott, Majority Leader for the United States Senate; and Richard Armey, Majority Leader of the United States House of Representatives, seeking redress for constitutional deprivations. Price is alleged to have suffered during her service of jury duty on two separate occasions.

The matter was referred to a magistrate judge for pretrial matters and decisions on nondispositive motions. The district court's docket sheet reflects that on July 13, 2000, a copy of the summons was returned to Price with a letter and copy of Fed.R.Civ.P. 4 for proper proof of service. On July 14, 2000, Price filed an affidavit relating to the service of the complaint. On July 24, 2000, the magistrate judge entered an order stating that Price should obtain service of process on the defendants.

Thereafter, Price filed a motion for default. On October 27, 2000, the district court ordered the defendants to respond to Price's motion for default. The defendants filed their response on November 8, 2000, arguing lack of proper service of process. On November 16, 2000, the district court denied Price's motion for default because there was no proof of service on the defendants, and allowed Price until December 15, 2000 to obtain proper service upon the defendants. Price did not obtain proper service upon the defendants. On December 29, 2000, the government filed a motion to dismiss for lack of proper service of process. Price did not respond to the motion to dismiss. The district court entered an order dismissing the complaint without prejudice for Price's failure to effect timely service of process on the defendants. This timely appeal followed.

■ The only issue for review is the propriety of the district court's decision to dismiss without prejudice Price's complaint for her failure to effect service of process. This court reviews a district court order dismissing a complaint for failure to effect timely service of process only for an abuse of discretion. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996); *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir.1994). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995). A court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.*

■ Upon review, we conclude that the district court did not abuse its discretion when it dismissed Price's complaint pursuant to Fed.R.Civ.P. 4(m). Price failed to perfect service of process on the defendants within 120 days of the filing of her complaint or the additional time permitted by the district court, and there was no good cause shown for this failure.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.