*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0171p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

TRIPLE A INTERNATIONAL, INC.,
          *Plaintiff-Appellant*,

    *v.*

THE DEMOCRATIC REPUBLIC OF THE CONGO,
          *Defendant-Appellee*.

No. 12-1595

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:10-cv-15137—Gerald E. Rosen, Chief District Judge.

Argued: January 16, 2013

Decided and Filed:  July 2, 2013

Before:  BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit
Judges.

_____

**COUNSEL**

**ARGUED:** Davidde A. Stella, KERR, RUSSELL AND WEBER, PLC, Detroit,
Michigan, for Appellant.  **ON BRIEF:** Davidde A. Stella, Robert E. Forrest, KERR,
RUSSELL AND WEBER, PLC, Detroit, Michigan, for Appellant.  Eric Linden, Patrice
S. Arend, JAFFE RAITT HEUER & WEISS, P.C., Southfield, Michigan, for Appellee.

    KETHLEDGE, J., delivered the opinion of the court in which, BATCHELDER,
C. J., and MERRITT, J., joined.  MERRITT, J. (pg. 5), delivered a separate concurrence.

_____

**OPINION**

_____

    KETHLEDGE, Circuit Judge.  Triple A International sued the Democratic
Republic of the Congo for failing to pay for military equipment that Triple A sold to the
Congo's predecessor, Zaire.  The Congo filed a motion to dismiss for lack of subject-
matter jurisdiction, arguing that it was immune from suit under the Foreign Sovereign
Immunities Act, 28 U.S.C. § 1602 *et seq.*  Triple A opposed the motion, arguing that its

suit was based upon Zaire's commercial activity in the United States. The district court granted the Congo's motion and dismissed the case. We affirm.

I.

Triple A is a Michigan corporation with offices in Dearborn, Michigan, the Congo, and Sierra Leone. The Democratic Republic of the Congo is an African country that, until 1997, was known as Zaire. In late 1993, Zaire ordered $14,070,000 worth of military equipment from Triple A. At Triple A's request, a South Korean manufacturer shipped the equipment to Zaire. For the next seventeen years, Triple A sought payment from Zaire (and then the Congo) without success.

Finally, in 2010, Triple A sued the Congo in federal court for breach of contract. The district court dismissed the case on grounds of sovereign immunity. This appeal followed.

II.

We review de novo the district court's determination that it lacked subject-matter jurisdiction. *O'Bryan v. Holy See*, 556 F.3d 361, 372 (6th Cir. 2009).

Foreign states are generally immune from suit in United States courts. *See* 28 U.S.C. § 1604; *Republic of Iraq v. Beaty*, 556 U.S. 848, 851 (2009). But the Foreign Sovereign Immunities Act provides a number of exceptions to that general rule, including one for suits involving certain kinds of commercial activity by a foreign state. *See* 28 U.S.C. § 1605. Specifically, federal courts have jurisdiction "in any case in which the action is based upon" the following:

> [1] a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States[.]

*Id.* § 1605(a)(2).

Thus, the first clause comprises cases where the foreign state's commercial activity occurs in the United States. *See, e.g.*, *Globe Nuclear Servs. & Supply (GNSS), Ltd. v. AO Techsnabexport*, 376 F.3d 282, 291–92 (4th Cir. 2004). The second and third clauses concern cases where the foreign state's commercial activity occurs "elsewhere": specifically, the second clause comprises cases where such activity has some "connection" with an act performed in the United States, *see, e.g.*, *Siderman de Blake v. Republic of Arg.*, 965 F.2d 699, 709–10 (9th Cir. 1992); and the third comprises cases where such activity causes a direct effect in the United States. *See, e.g.*, *Republic of Arg. v. Weltover, Inc.*, 504 U.S. 607, 618–19 (1992).

Triple A argues that the first clause applies here. But this case is not based upon commercial activity that the Congo (or Zaire) "carried on in the United States[.]" 28 U.S.C. § 1605(a)(2). Indeed Triple A does not argue the contrary. In its complaint, Triple A alleges that Zaire ordered military equipment from Triple A, that Triple A then arranged for a South Korean supplier to send the equipment directly from South Korea to Zaire, and that the supplier did so. None of these allegations describe commercial activity that Zaire or the Congo conducted in the United States.

Triple A's argument, instead, is based upon a definitional section of the Foreign Sovereign Immunities Act. Section 1603(e) of the Act defines "commercial activity carried on in the United States by a foreign state" to mean "commercial activity carried on by such state and having substantial contact with the United States." 28 U.S.C. § 1603(e). Triple A argues that Zaire's purchase of the military equipment (which is itself commercial activity, albeit overseas) had "substantial contact with the United States" because Zaire contracted with an American-based company and because that company—Triple A—performed some of its contractual obligations here.

The term "commercial activity carried on by such state and having substantial contact with the United States[,]" as used in § 1603(e), is far from clear. The definition only confuses the statute's meaning. For purposes of this case, however, what the definition does *not* mean is clear enough. According to Triple A, the definition means that the first clause of § 1605(a)(2)—which permits suits "based upon a commercial

activity carried on in the United States by [a] foreign state"—permits suits, like this one, in which the foreign state conducted no commercial activity at all in the United States. Triple A's reading of § 1603(e) would thus make nonsense of the language that § 1603(e) is supposed to define.

Triple A's reading of § 1603(e) would likewise knock out the structure of § 1605(a)(2). "Distinctions among descriptions juxtaposed against each other are naturally understood to be significant[.]" *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993) (citation omitted). The most basic distinction within § 1605(a)(2) is the distinction between a foreign state's commercial activity in the United States (which is governed by the first clause) and a foreign state's commercial activity overseas (which is governed by the second and third). Triple A's reading of § 1603(e) would largely do away with that distinction, by allowing the first clause to govern any case where the foreign state's activity has "substantial contact" with the United States, regardless of whether that activity occurs here or overseas. Moreover, in doing so, the first clause would render the second and third clauses largely superfluous. Cases where a foreign state's overseas activity has "substantial contact" with the United States are likely to encompass cases where that activity has a "connection" with (second clause) or causes a "direct effect" (third clause) in the United States. That is yet another reason for rejecting Triple A's interpretation. *See, e.g.*, *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

Triple A otherwise directs us to the Act's legislative history in arguing that § 1605(a)(2)'s first clause applies here. But no amount of legislative history can rescue an interpretation that does as much damage to the enacted text as Triple A's interpretation does here.

The district court's judgment is affirmed.

————————————

## CONCURRENCE

————————————

MERRITT, Circuit Judge, concurring.  I agree with the court that the Foreign Sovereign Immunities Act is ambiguous and somewhat unclear.  The facts as alleged here, however, seem to me to demonstrate that the Congo itself — as distinguished from Triple A — does not even have sufficient commercial activity "contacts" with the United States to create personal jurisdiction under ordinary due process concepts which the Act's legislative history appears to incorporate:  The legislative history explains that the "requirements of minimum jurisdictional contacts and adequate notice are embodied in the provision" and that these "immunity provisions, therefore, prescribe the necessary contacts which must exist before our courts can exercise personal jurisdiction."  H.R. Rep. No. 94-1487, at 13 (1976), reprinted in 1976 U.S.C.C.A.N. 6604, 6612.  The language suggests that Congress was thinking in familiar terms of "contacts" to establish "personal jurisdiction."  We have no claim here that the Congo representatives came to the United States or had any products shipped to or from the United States.  We have no claim that the Congo ordered any products in the United States, and Triple A does not claim that the Congo's order had a "direct effect" in the United States.  Without itemizing Congo contacts that would justify bringing it into a federal court, Triple A must lose the jurisdictional battle.  Whether the Constitution — as distinguished from the Act — requires such  "contacts" is not the point.  The Act itself explicitly requires such contacts.