RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0119p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

WHITE'S LANDING FISHERIES, INC.,

*Plaintiff*,

DEAN KOCH,

*Plaintiff-Appellant*,

*v.*

OHIO DEPARTMENT OF NATURAL RESOURCES, DIVISION OF WILDLIFE; MARY COLE MERTZ, Department of Natural Resources, sued in both her individual and official capacities; KENDRA WECKER, Department of Natural Resources, Division of Wildlife, sued in both her individual and official capacities; UNITED STATES FISH AND WILDLIFE SERVICE; DEB HAALAND, Secretary of the Interior, Department of the Interior, Fish and Wildlife Service,

*Defendants-Appellees*.

> No. 25-3345

─────────────

Appeal from the United States District Court for the Northern District of Ohio at Toledo.
No. 3:24-cv-01371—James G. Carr, District Judge.

Argued: December 10, 2025

Decided and Filed: April 22, 2026

Before: GIBBONS, STRANCH, and DAVIS, Circuit Judges.

─────────────

## COUNSEL

**ARGUED:** George Katchmer, Bloomingburg, Ohio, for Appellant. Casey Chapman, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for State of Ohio Appellees. **ON BRIEF:** George Katchmer, Bloomingburg, Ohio, for Appellant. Casey Chapman, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for State of Ohio Appellees.

---

**OPINION**

---

JULIA SMITH GIBBONS, Circuit Judge.  Plaintiff-Appellant Dean Koch appeals the dismissal of his complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Koch is a commercial fisherman in Erie County, Ohio, and the owner of White's Landing Fisheries, Inc.  Koch and White's Landing, which is not a party to this appeal, brought this suit after the Ohio Department of Natural Resources (ODNR), Division of Wildlife, amended a rule to limit seine commercial fishing licensees' ability to catch yellow perch.  Koch and White's Landing asserted claims under the Fifth Amendment's Takings Clause, as well as breach of fiduciary duty and civil conspiracy claims, against ODNR, ODNR Director Mary Mertz and Division of Wildlife Chief Kendra Wecker in their individual and official capacities, the United States Fish and Wildlife Service (FWS), and Deb Haaland in her now-former official capacity as Secretary of the Interior.

The district court dismissed with prejudice Koch's claims against Ohio and the state officials.  It dismissed his takings claims, reasoning that the Takings Clause does not protect the value of his fishing license.  In the alternative, the court also concluded that sovereign immunity would bar each claim against Ohio and the state defendants, as state officials, even if the takings and state law claims did not fail on their own.  The court also dismissed Koch's state law claims because they were insufficiently pled.  Finally, the district court dismissed, seemingly without prejudice, all claims against the federal defendants for defective service.

We affirm in part the district court's dismissal of Koch's complaint based on sovereign immunity, which bars Koch's takings and state law claims against Ohio and the state officials. Because we affirm based on the district court's lack of subject matter jurisdiction, we reverse in part and remand with instructions for the district court to dismiss Koch's claims without prejudice.

**I.**

For the purposes of this appeal, we accept as true well-pleaded factual allegations in the plaintiff's complaint. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015). But we need not presume the truth of facts pertinent to our jurisdiction because the plaintiff bears the burden of establishing that jurisdiction exists. *Id.* We recount Koch's key allegations here.

The Great Lakes Fishery Commission is a binational regulatory body that manages fisheries resources straddling the U.S.-Canada border. FWS has delegated authority to manage fisheries resources to the Commission, which allocates quotas of game and commercial fish to its member states and provinces. As one of the Commission's member states, Ohio receives a quota of game and fish that may be taken from shared waterbodies, such as Lake Erie. Ohio Revised Code § 1533.341[1] empowers ODNR to promulgate rules to distribute Ohio's "quota of game and commercial fish allocated" by the Commission among licensees. DE 1, Compl., Page ID 4.

Koch was a resident of Erie County, Ohio, and the owner of White's Landing, an Ohio corporation, at all times relevant to this suit. A commercial fisherman, he was president of the Ohio Fish Producers Association from 1974 to 2008 and has lobbied for the interests of commercial fishermen in the state. He alleged that ODNR has pursued policies "intended to suppress commercial fishing in favor of sport fishing" and increase sport fishing revenues "to the detriment of Ohio [c]ommercial [f]isheries." *Id.* at 6.

One of these alleged policies motivated Koch's suit. Koch claimed that ODNR in January 2023 promulgated a rule that denied seine commercial fishers[2] permission to catch yellow perch. *Id.* at 6–7. According to Koch, this rule effectively "eliminated the taking of yellow perch from seine fishermen." *Id.* at 6. He alleged that the rule allocated yellow perch

---

[1]Koch mistakenly cited Ohio Revised Code § 1501.02 for this allegation.

[2]Seine fishers use a large net that encloses and catches large amounts of fish. *Seine*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/seine (last visited Nov. 7, 2025). States have long regulated seine fishing. *See, e.g.*, *Manchester v. Massachusetts*, 139 U.S. 240, 240–45 (1891); *Miller v. McLaughlin*, 281 U.S. 261, 262–64 (1930); Ohio Rev. Code § 1533.62.

quotas exclusively to "trap net fishermen"[3] and prohibited the transfer of yellow perch quotas from trap net licenses to seine licenses.  *Id.*  ODNR proposed the rule in late 2022, prompting Koch to urge the agency to permit the "transfer of the quota of yellow perch from trap net[] to sein[e] [fishers]."  *Id.* at 7.

Koch's allegations referred to the rule titled "Quota Management System for Lake Erie Fishes," which specifies that the Chief of the Division of Wildlife determines and allocates annually commercial fishing quotas for yellow perch.  Ohio Admin. Code § 1501:31-3-12(A).  The rule excludes seine commercial fishers by stating that these quotas "will be apportioned annually within the commercial trap net fishery, by commercial trap net license, and will be stipulated as terms and conditions of each license."  *Id.* § 1501:31-3-12(E).  As Koch alleged, the rule also prohibits the transfer of yellow perch quotas from trap net to seine licenses.  *See id.* § 1501:31-3-12(F).  He further alleged that Ohio Administrative Code § 1501:31-3-12 "deprived" him of his "annual catch of yellow perch and the economic value of such catch, diminishing the value of his license."  DE 1, Compl., Page ID 7.  Koch stressed that he was not "compensated for this diminishment of value for his license" or for "his losses for his annual catches."  *Id.*

Koch then sued the state of Ohio, the state defendants in their individual and official capacities, and the federal defendants.  First, he asserted claims under the Fifth Amendment's Takings Clause against ODNR, Division of Wildlife Resources; Mary Mertz, Director of ODNR, in her individual and official capacities; Kendra Wecker, Chief of ODNR, Division of Wildlife, in her individual and official capacities; the United States of America, Department of the Interior, FWS; and Deb Haaland, former U.S. Secretary of the Interior, in her official capacity.  Second, Koch asserted claims of breach of fiduciary duty against all defendants.  Specifically, he alleged that ODNR's rule deprived him and White's Landing of "their annual catch of yellow perch," that the defendants "owe[d] a fiduciary duty to the citizens of Ohio," and that the defendants breached this duty to the plaintiffs.  *Id.* at 8.  Third, Koch asserted civil conspiracy claims against all defendants, alleging that they also "maliciously combined and conspired to

---

[3]These fishers use a fish trap, "a device for catching fish that consists of a net or other structure which diverts fish into an enclosure" and makes it difficult for the fish to exit.  *Fish Trap*, Merriam-Webster, https://www.merriam-webster.com/dictionary/fish%20trap (last visited Nov. 7, 2025).

deprive" him of his personal property, causing him expenses, and committed overt acts of "malicious and selective prosecution and deprivation of due process . . . ." *Id.* at 9.

The district court dismissed with prejudice all of Koch's and White's Landing's claims against Ohio and the state defendants. It dismissed their takings claims against these defendants on the grounds that the Takings Clauses in the U.S. and Ohio Constitutions do not recognize a property interest in a fishing license's value, or in "uncaught fish." DE 17, Order, Page ID 111. The court then dismissed Koch's and White's Landing's state law claims against Ohio and the state defendants, presumably in their individual capacities, because federal review of state regulatory matters is impermissible and because they failed to sufficiently plead these claims. Next, the court concluded that state sovereign immunity would bar their takings and state law claims against Ohio and the state defendants in their official capacities even if these claims did not fail for other reasons. Finally, the court dismissed without prejudice all claims against the federal defendants for defective service of process. It cautioned that perfection of service would not "repair" plaintiffs' claims against these defendants. *Id.* at 116.

Koch timely appealed the district court's dismissal of his claims.

## II.

We review de novo a district court's dismissal of a complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). Likewise, we review de novo the question of whether Ohio and the state defendants are entitled to sovereign immunity. *S.J. v. Hamilton Cnty., Ohio*, 374 F.3d 416, 418 (6th Cir. 2004). In our review, we "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022) (citation omitted). But we need not "presume the truth" of factual allegations pertinent to our jurisdiction to hear the case. *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 731–32 (6th Cir. 2022) (citation omitted).

The party invoking federal jurisdiction bears the burden of establishing it. *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). We must

address jurisdictional issues before the merits of a case. *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016). Sovereign immunity, as one such jurisdictional issue, "'must be decided before the merits.'" *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023) (quoting *Russell*, 784 F.3d at 406). Importantly, we may affirm a dismissal on any grounds supported by the record even if the district court dismissed on other grounds. *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 886 (6th Cir. 2020).

### III.

Koch raises three main issues on appeal. First, Koch asserts that the district court improperly dismissed his takings claims against Ohio and the state defendants on the basis that he could not claim a property interest in his fishing license's value. Second, he argues that the court incorrectly decided that sovereign immunity barred his takings and state law claims against Ohio and the state defendants in their official capacities even if those claims did not fail for other reasons. Third, he claims that the court incorrectly dismissed his breach of fiduciary duty and civil conspiracy claims.

Because sovereign immunity bars Koch's takings and state law claims against Ohio and the state defendants, we do not consider the merits of Koch's takings claims or whether he properly pled his state law claims. Instead, we explain why sovereign immunity bars Koch's claims. After doing so, we address Koch's arguments that Ohio and the state defendants waived sovereign immunity and that the district court was required to review ODNR's rule under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *TWISM Enterprises, L.L.C. v. State Bd. of Registration for Professional Engineers & Surveyors*, 223 N.E.3d 371 (Ohio 2022).

### A.

Sovereign immunity may protect states, state agencies or departments, and state officials sued in their official capacity. *Boler v. Earley*, 865 F.3d 391, 409–10 (6th Cir. 2017). This immunity is a "jurisdictional bar" that applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see Carten v. Kent State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002).

We are also mindful that the interests protected by the Eleventh Amendment should not be "sacrificed to elementary mechanics of captions and pleading." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997). Courts must "look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit." *Lewis v. Clarke*, 581 U.S. 155, 161–62 (2017). For instance, a suit against employees in their official capacities may just prove to be "another way of pleading an action against an entity of which an officer is an agent[.]" *Id.* at 162 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). In such a case, sovereign immunity may bar the suit. *Id.*

Sovereign immunity does not typically bar personal-capacity claims, which seek to impose individual liability on an officer. *Id.* at 163. Yet when litigants purport to bring these claims, "we may not take their word for it." *Does*, 69 F.4th at 305; *see Cunningham v. Lester*, 990 F.3d 361, 365 (4th Cir. 2021) ("If there is one unbroken thread in real-party-in-interest jurisprudence, it is a general refusal to privilege the form of a complaint over its substance."). The sovereign is the "real, substantial party in interest" if the relief sought by the plaintiffs is only "nominally against an officer" because the court's "decree would operate against" the sovereign. *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1296–97 (10th Cir. 2008) (quoting *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001), and *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101). Plaintiffs cannot render sovereign immunity inapplicable merely by naming all defendants as individuals. *Ogletree v. McNamara*, 449 F.2d 93, 100 (6th Cir. 1971). Indeed, "the effect of the action upon the sovereign rather than its form" controls our analysis. *Id.*

We recognize three exceptions to sovereign immunity. *Carten*, 282 F.3d at 398. First, Congress may abrogate a state's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Second, a litigant may seek prospective injunctive relief against a state official who is engaged in a continuing violation of federal law. *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598–99 (6th Cir. 2016). Third, a state may waive sovereign immunity. *Carten*, 282 F.3d at 398. The test to determine whether a state has waived its immunity from federal jurisdiction requires us to ask whether the state "unequivocally expressed" its consent. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. Further, a state must expressly consent to suit in

*federal court* to waive its immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990).

Sovereign immunity therefore bars Koch's takings and state law claims against ODNR because it is a state department and, as we explain below, no exception to sovereign immunity applies. *See Boler*, 865 F.3d at 410. Moreover, sovereign immunity bars Koch's takings and state law claims against Mertz and Wecker because Koch has sued these state officials in their official capacities. *See Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023). And Koch's claims are "only nominally against" Mertz and Wecker in their official capacities. *See Lewis*, 581 U.S. at 162. Koch's claims are in fact against Ohio, operating through ODNR, because Koch's claims target ODNR for promulgating Ohio Administrative Code § 1501:31-3-12. *See id.*; *Native Am. Distrib.*, 546 F.3d at 1296–97.

Ordinarily, sovereign immunity would not bar Koch's takings and state law claims against Mertz and Wecker in their individual capacities. *See Lewis*, 581 U.S. at 163. Here, however, sovereign immunity bars Koch's claims against these officials in their individual capacities because the ODNR, as an arm of Ohio, is the "real, substantial party in interest" in this suit, and Koch made no specific allegations regarding Mertz's or Wecker's conduct. *See Native Am. Distrib.*, 546 F.3d at 1296–97 (quoting *Frazier*, 254 F.3d at 1253). ODNR is the "real, substantial party in interest" because Koch sued to obtain injunctive relief that would operate against ODNR as the agency that promulgated Ohio Administrative Code § 1501:31-3-12. *See id.* at 1297 ("[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." (alteration in original) (quoting *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101)). Second, Mertz and Wecker are relevant to Koch's claims only insofar as they were associated with ODNR's promulgation of this rule. Indeed, Koch did not make any allegations referring specifically to Mertz's or Wecker's conduct. Koch's sole allegation regarding Mertz and Wecker was that they gave their "approval and ratification" to ODNR's "regulations concerning yellow perch," but this assertion relates only to their conduct in their official capacities. *See* DE 1, Compl., Page ID 7. Koch also did not mention either official in any detail when he pled his breach of fiduciary duty and civil conspiracy claims. Under these circumstances, Koch cannot sidestep sovereign immunity

merely by naming Mertz and Wecker as individuals. *See Ogletree*, 449 F.2d at 100. Sovereign immunity fully bars Koch's takings and state law claims against Ohio and the state defendants.

We reject Koch's claims that sovereign immunity is inapplicable. He asserts that Ohio and the state officials were not entitled to sovereign immunity because Ohio consented to suit by enacting the Ohio Administrative Procedure Act (APA), and because *Loper Bright* and *TWISM* required the district court to review ODNR's rule.

Koch's first argument fails because Ohio did not consent to Koch's claims by enacting the Ohio APA. A state may waive sovereign immunity by consenting to suit. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. But we will not find waiver if the state has not "unequivocally expressed" its consent to suit and specifically consented to suit in federal court. *Id.*; *Port Auth. Trans-Hudson Corp.*, 495 U.S. at 306. Koch provides no evidence that Ohio or its officials consented to the assertion of takings, breach of fiduciary duty, or civil conspiracy claims against them in federal court. The Ohio APA permits judicial review of an Ohio agency's order under specific procedures. Ohio Rev. Code § 119.12. Koch, however, brought takings and state law claims—not an administrative challenge to an Ohio agency's order under the Ohio APA. And Ohio did not consent in the Ohio APA to suit in federal court. *See id.*; *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100. Nor did Ohio "voluntarily invoke[]" the district court's jurisdiction. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999). Therefore, Ohio did not waive its sovereign immunity by enacting the Ohio APA.

Second, Koch asserts that Ohio and the state officials were not entitled to sovereign immunity because *Loper Bright* and *TWISM* required the district court to review ODNR's rule. Neither case, however, required the district court to review ODNR's rule.

*Loper Bright* and *TWISM* do not address or concern sovereign immunity. *Loper Bright* requires courts adjudicating challenges to agency actions under the federal APA to "exercise their independent judgment in deciding whether an agency has acted within its statutory authority." 603 U.S. at 412. *TWISM* instructed that Ohio courts need not, but may, defer to agency actions under Ohio law. 223 N.E.3d at 381. Koch's complaint did not include an administrative challenge to Ohio Administrative Code § 1501:31-3-12 or a claim that the rule

exceeded ODNR's statutory authority, so neither case applies. *Loper Bright* is also inapplicable because ODNR's rule is not a federal agency action that may be challenged under the APA. *See* 5 U.S.C. § 701(b)(1) (defining "agency" to mean "each authority of the Government of the United States" rather than state agencies); *id.* § 706 (describing scope of judicial review of an "agency" action). Koch's arguments fail. Accordingly, we affirm the district court's dismissal of Koch's takings and state law claims against Ohio and the state defendants based on sovereign immunity.

## B.

Although we affirm the district court's dismissal of Koch's takings and state law claims against Ohio and the state defendants based on sovereign immunity, we reverse in part the district court's dismissal of Koch's claims with prejudice. Because our grounds for affirmance is the district court's lack of subject matter jurisdiction, Koch's claims should be dismissed without prejudice. *See Ernst v. Rising*, 427 F.3d 351, 366–67 (6th Cir. 2005).

Finally, we affirm in full the district court's dismissal of Koch's claims against the federal defendants. Koch made no effort to address his defective service of process on the federal defendants. He has thus waived any argument against these defendants on appeal. *See Bidwell v. Univ. Med. Ctr., Inc.*, 685 F.3d 613, 617 (6th Cir. 2012). Further, the district court appropriately dismissed these claims without prejudice. *See Price v. Echols*, 17 F. App'x 266, 267 (6th Cir. 2001).

## IV.

For the foregoing reasons, we affirm in part and reverse in part the judgment of the district court. Based on sovereign immunity, we affirm in part the district court's dismissal of all claims against Ohio and the state defendants. On remand, the district court must dismiss these claims against Ohio and the state defendants without prejudice. We affirm the district court's dismissal of all claims against the federal defendants.